W. H. & T. H. TRICE, Respondents, v. THE HANNIBAL AND ST. JOSEPH RAILROAD CO., Appellant.

*Practice—Counsel—Jury.*—It is within the discretion of the court to limit the time for the argument of counsel to the jury, and such discretion will not be revised by the Supreme Court unless it has been unsoundly exercised to the prejudice of the rights of the party.

*Appeal from Macon Circuit Court.*

*Carr*, for appellant.

DRYDEN, Judge, delivered the opinion of the court.

This was an action commenced under the 52d section of the act concerning Railroad Corporations (R. C. 1855, p. 437) to recover the value of twenty head of hogs of the plaintiffs, killed by the defendant's engine and cars on its road, within an enclosed field; the road within the enclosed field not being fenced. The case was tried by jury. The issue submitted to the jury involved only the value and killing of the hogs. Four witnesses were introduced and examined by the plaintiff, whose testimony tended to establish the issues. The defendant [neither] introduced nor offered any testimony.

At the close of the evidence, the court instructed the jury as asked by plaintiffs, and gave some and refused others of the instructions asked by the defendant. After the instructions were read, plaintiff's counsel announced his purpose not to argue the case, and the counsel for the defendant being about to proceed to address the jury, the court

Trice v. Hannibal & St. Joseph R.R. Co.

limited him to ten minutes within which to make his argument.

The defendant excepted, and refused to avail himself of the proffered time. There was verdict and judgment for the plaintiff for sixty dollars. The defendant appealed to this court.

The only ground upon which we are asked to reverse the judgment of the Circuit Court, is the action of that court in restricting the time for the argument. The power of the courts to limit counsel in the time to be occupied in the argument of causes cannot be denied. It is a power essential to the convenient dispatch of business, and to the good order of the courts. What restrictions shall be imposed under this power is a mere matter of practice, resting in a large degree in the discretion of the judge in every case. Indeed in the case at bar, it is not contended that the Circuit Court did not possess the power to restrict; but the complaint is, that the power was exercised unreasonably. It is a rule from which this court never departs, not to revise the action of inferior courts in matters within their discretion, except in case where it is manifest they have exercised their discretion unsoundly, and to the prejudice of the rights of the party complaining; upon this principle we are obliged to abstain from interference in this case.

There is nothing in the circumstances of this case, so far as we can see, that rendered the limit of the court at all unreasonable or in anywise hurtful to the appellant. There is, in our opinion, no error in the record, and the judgment of the Circuit Court will therefore be affirmed. Judge Bay concurs.